IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-00249

RICHARD EDGAR SPINKS

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Compassionate Release, [ECF No. 44], filed by Defendant Richard Edgar Spinks. Mr. Spinks filed a supplement, [ECF No. 46], to his Motion. The Government has responded, [ECF No. 47]. After considering both Defendant's Motion and the supplement, the Motion, [ECF No. 44] is **DENIED without prejudice** for the reasons that follow.

I. Background

On December 19, 2019, Mr. Spinks pleaded guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). [ECF No. 23]. On June 18, 2020, I sentenced Mr. Spinks to a term of 18 months imprisonment followed by 3 years of supervised release. [ECF No. 38]. He now petitions the court for compassionate release based on the combination of his medical issues, the COVID-19 pandemic, and the conditions of prison. *See* [ECF Nos 44, 46].

## II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's [("BOP")] authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Spinks's sentence under compassionate release, I must find that Mr. Spinks has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). To find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Spinks must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19 and that he is at a facility which has effectively prevented the spread of the virus. *See United States v. John Delaney Wilson*, —— F. Supp.3d ——, ——, No. 2:18-cr-00295, 2020 WL 4287592 at *2

(S.D.W. Va. July 27, 2020).

### a. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Section 3582(c)(1)(A) provides that:

> … the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*, may reduce the term of imprisonment…

18 U.S.C. 3582(c)(1)(A) (emphasis added). Prior to the enactment of the First Step Act, only the Director of BOP could file a motion for compassionate release. The First Step Act amended this provision to permit an inmate to file a motion in federal court seeking compassionate release, provided certain circumstances were satisfied. In the wake of the COVID-19 pandemic, there has been significant litigation regarding compassionate release and the proper interpretation of the triggering events that § 3582(c)(1)(A) requires in order for a prisoner to access the courts. *See e.g., United States v. Thompson*, —— F. Supp.3d ——, ——, No. 2:18-CR-00105, 2020 WL 2121371, at *4 (S.D.W. Va. May 5, 2020) (collecting cases). Put plainly, the court may modify a term of imprisonment upon the earliest of one of three events:

1. When the Director of the BOP has made a motion;
2. When the defendant has exhausted his or her administrative remedies with the BOP and petitioned the court;

      3. When 30 days have lapsed from the date of the request to the BOP and defendant has petitioned the court.

*Id.*

The language of the statute is clear. There are two ways for a defendant to petition the court for compassionate release. And those two options are alternatives, as evidenced by the statute's decree that a court may reduce a term of imprisonment upon the occurrence of option one "or" option two "whichever is earlier." 18 U.S.C. § 5382(c)(1)(A). With the first option, the defendant must fully complete the BOP's administrative appeals process. *See id.* With the second option, "the statute's plain text states only that thirty days must past after the defendant requests compassionate release from the warden. No more, no less." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *3 (S.D. Iowa Apr. 29, 2020).

In *Thompson*, I found that the exhaustion requirement of the statute is mandatory. *See Thompson*, 2020 WL 2121371, at *4. Other district courts have found though that the exhaustion requirement of the statute is futile for defendants housed in non-federal facilitates and thus does not bar courts from considering requests from such defendants. *See e.g., United States v. Arreola-Bretado*, No. 3:19-CR-03410-BTM, 2020 WL 2535049, at *2 (S.D. Cal. May 15, 2020) ("This Court can envision no situation more futile than being required to petition to a BOP warden who does not exist."); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020) (finding exhaustion of administrative remedies futile

where defendant had not been designated to a BOP facility and was currently serving sentence at county jail. BOP indicated "that the exhaustion of administrative appeals process was no[t] applicable or possible"); *United States v. Barringer*, No. CR PJM 13-0129, 2020 WL 2557035, at *3 (D. Md. May 19, 2020) ("Since he is not incarcerated at a Bureau of Prisons facility, there is no Bureau of Prisons warden to whom he can submit a request for a reduction in sentence. Simply put, the exhaustion of the administrative process is not only futile, it is complete because Barringer has done all he can to exhaust his administrative remedies."); *See United States v. Norris*, 2020 WL 2110640, at *2 (E.D.N.C. Apr. 30, 2020) (finding that the defendant had exhausted his administrative remedies in similar circumstances).

In this case, at the time that Mr. Spinks petitioned the court for release, he was unable to lodge a request with BOP because he had not yet been designated or transferred to a BOP facility. *See* [ECF No. 44]. When he filed his motion, he was in the custody of the U.S. Marshal Service and thus administrative exhaustion was futile. On July 27, 2020, however, Defendant arrived at FCI-Allenwood. *See* [ECF No. 47]. Mr. Spinks is now in the custody of BOP. He therefore must exhaust administrative remedies as required by § 3582(c)(1)(A). At this point, he has not done so. Accordingly, his Motion is **DENIED without prejudice**.

### III. Conclusion

Defendant's Motion for Compassionate Release, [ECF No. 44] is **DENIED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant

5

and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

                                        ENTER:    August 7, 2020

                                        JOSEPH R. GOODWIN
                                        UNITED STATES DISTRICT JUDGE